George Freeman CAUSEY,
Plaintiff-Appellant,

v.

Benjamin R. CIVILETTI, Attorney General, et al., Defendant-Appellee.

No. 79–3901
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 14, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

George F. Causey, pro se.

W. Christian Hoyer, Asst. U.S. Atty., Tampa, Fla., for defendant-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Appellant George Freeman Causey, currently imprisoned at the Florida Correctional Institute at Avon Park, Florida, filed this *pro se* motion under 28 U.S.C.A. § 2255 to vacate his federal sentence, which the District Court for the Middle District of Florida denied. The District Court refused to rehear the motion but did grant Causey's application for a Certificate of Probable Cause to implement the present appeal to this Court.[1] Causey does not really challenge the sentence. His complaint is that he should be serving his federal sentence, not the state sentence subsequently imposed. We affirm.

### I. Constant Interruptions

Pursuant to a guilty verdict returned in federal court, Causey was sentenced on July 13, 1977, to concurrent ten-year terms of imprisonment on each of two counts of bank robbery. The same day he was released on a supersedeas bond pending appeal. On October 8, 1977, the Sheriff of Polk County, Florida arrested Causey on a charge of two counts of the state offense of robbery. The United States Attorney's Office then filed a motion in federal court seeking revocation of the supersedeas bond and commitment on the federal sentence. The District Court issued a writ of habeas corpus *ad prosequendum* to the United States Marshal to obtain, and for the Sheriff of Polk County to deliver, the Appellant Causey for a hearing in federal court on this motion. The writ also instructed the United States Marshal to return Causey to state custody after the revocation hearing. On November 23, 1977, the District Court ordered the revocation of the bond, and the effective reinstatement of the sentence. Causey appealed but this appeal was subsequently dismissed on Causey's own motion on February 2, 1978.

After the revocation of the bond, the United States Marshal returned Causey to

---

1. Causey's notice of appeal was filed more than thirty days after denial of his motion to reconsider; however, his request to proceed *in forma pauperis* was filed within the required period.

In this Circuit, this is the equivalent of filing a timely notice of appeal. *See* e. g., *Cobb v. Lewis*, 488 F.2d 41 (5th Cir. 1974); *Tillman v. United States*, 268 F.2d 422 (5th Cir. 1959).

the custody of the Florida Sheriff. Causey stood trial on the two state charges and on March 27, 1978 was given concurrent ten-year sentences of imprisonment.[2]

## II. Criminal Defendants "On Loan"

The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wishes to execute it immediately. *Bullock v. State of Mississippi*, 404 F.2d 75 (5th Cir. 1968); *Zerbst v. McPike*, 97 F.2d 253 (5th Cir. 1938). A writ of habeas corpus *ad prosequendum* is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. *United States v. Kipp*, 232 F.2d 147 (7th Cir. 1956); *Zerbst, supra*. The state court has not lost its right to prosecute, convict, and sentence the defendant.

## III. First In Time, First Time to Serve?

Causey argues that the *Zerbst* rule should not apply because, at the time he was handed over from the state to the federal government, he was not serving a state sentence. In fact, he had not even stood trial on the state charges. Moreover, he was already convicted and sentenced in

federal court. Causey would say that the "loan" was from the federal government to the state and not vice versa. Thus, after the state trial, he should have been returned to the federal government whose jurisdiction preceded that of the state. First of all, in order for the rule of *Zerbst* to apply, it is not necessary that a state conviction and sentence have been attained. In *Bullock, supra*, state proceedings had gotten no further than the arresting stage. Moreover, while *Zerbst* would apply in reverse, to require a state to return to federal authorities a prisoner "on loan" to the state, Causey's argument is founded on an erroneous interpretation of the facts. After the federal conviction, he was out on bail when he was arrested in Florida. It was the federal, not the state government which received Causey pursuant to a writ of habeas corpus *ad prosequendum*.[3]

Perhaps the federal government had the power to require that Causey's federal sentence be served first, immediately after the state prosecution was completed, but it did not choose to do so. This is evidenced by its issue of a detainer to the Florida Department of Corrections instructing that department to notify the United States Marshall Service when Causey was released permanently from state custody, so that his federal sentence could then be served. And in view of the clear language in the writ of habeas corpus *ad prosequendum* ordering the return of Causey to state officials after

---

**2.** The order of judgment and sentence signed by the state court judge and his statements in the transcript of the state sentencing hearing are inconclusive on whether the state judge intended the federal and state sentences to run concurrently or consecutively:

> Mr. Causey, the Court is going to adjudicate you guilty of the two counts of robbery. I am going to sentence you to serve a period of ten years in the state penitentiary as to each charge to be run concurrent with each other, which means as a practical matter you receive [a] ten year sentence from the State of Florida for these two charges. How the federal officials wish to handle [the execution of the prior federal sentence] is entirely up to them.

Ordinarily, in the absence of dispositive language in a statute or sentencing order, there is a general presumption that sentences are to run concurrently. *Miller v. Willingham*, 400

F.2d 873 (10th Cir. 1968); 24B C.J.S. *Criminal Law* § 1996(2) (1962). This presumption does not operate, however, if one sentence is from federal court and the other from a state court. *Larios v. Madigan*, 299 F.2d 98 (9th Cir. 1962); 24B C.J.S. *Criminal Law* §§ 1996(2), 1996(6).

**3.** The federal court's language in this writ clearly ordered the United States Marshal to return Causey to the state authorities after the supersedeas bond was revoked:

> NOW, THEREFORE, this is to command you, any United States Marshal, that you have the body of the said _____George Freeman Causey_____ now detained in custody as aforesaid, under safe and secure conduct, before this Court at _____Tampa, Florida_____ by or before _9:30 a._____ o'clock, _A_M., on _November 17, 1977_, for _____hearing_____ on the criminal charges pending against him in this cause, and upon completion of said proceeding that you return him with all convenient speed, under safe and secure conduct to the custody of _Sheriff of Polk County, Bartow, Florida_____

federal sentencing, the state court judge was correct in assuming that the state sentence should be served first.

Essentially, Causey contends that his return to state authorities after the federal revocation hearing should only have been for purposes of trial and conviction, and that we should create a rule that a prisoner is entitled to serve first the sentence arising from the first conviction.

This contention is not supported by case law. Although not on all fours with the case before us, there are cases in this Circuit in which a state sentence, imposed after a federal sentence, was nevertheless served first. *Lamb v. Heritage*, 310 F.2d 71 (5th Cir. 1962); *Harrell v. Shuttleworth*, 200 F.2d 490 (5th Cir. 1952). In both of these cases the petitioners were serving state sentences. Subsequently imposed federal sentences were ordered to commence as soon as the state sentences were completed. In the meantime, the prisoners were convicted of additional state crimes, committed while they were in prison. Instead of delivering the prisoners to the federal authorities at the conclusion of the first state sentences, as had been ordered originally, the states kept the prisoners to serve the additional state sentences. In each case we held that the federal sentence began to run, not after the first, but after all of the state sentences were completed, even though the later state sentences were imposed prior to the federal sentences.

■■■ Moreover, the federal government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first, as long as the prisoner is not compelled unnecessarily to serve his sentences in a piecemeal fashion. "A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." *Gunton v. Squier*, 185 F.2d 470, 471 (9th Cir.. 1950). *See Ponzi v. Fessenden*, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1922). Service of the state sentence first did not hinder Causey from pursuing his federal appeal. It

was dismissed on his own motion. He cannot now seek through collateral attack a remedy he failed to pursue on direct appeal.

## IV.  *Equitable Modification Of § 3568?*

■■ Causey presents one more argument. He cites *United States v. Croft*, 450 F.2d 1094 (6th Cir. 1971) for the proposition that his federal sentence began as of the time his appeal bond was revoked.

First of all, this holding is directly contrary to 18 U.S.C.A. § 3568 (1969) which provides:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.

\*       \*       \*       \*       \*       \*

No sentence shall prescribe any other method of computing the term.

*See also* 28 CFR § 2.10(a) (1979).

*Croft* involved a petitioner who, while out on bond awaiting trial in federal court, was arrested on state charges. The federal government, through writ of habeas corpus *ad prosequendum*, obtained his appearance for federal trial. Croft pleaded guilty to federal charges, was sentenced and was immediately committed to imprisonment. He was, however, returned to county jail; he was then sentenced on state charges and sent to the state penitentiary. This case is distinguishable from the one before us in that the United States Marshall was given a mittimus directing him to deliver the petitioner to federal prison after state court proceedings were completed. In other words the Marshall disobeyed the mittimus of the federal court.

In the case before us, there is in the record no mittimus ordering the commitment of Causey to federal prison. The United States Marshall clearly did not act improperly in returning Causey to state authorities pursuant to the writ of habeas corpus *ad prosequendum*. Without ruling on this issue, we would suggest that the only situation in which we would adopt the

position of the Sixth Circuit, which disregards § 3568, would be when a United States Marshall's flagrant disobedience of an order of commitment required the equitable assertion that the sentence began at a date earlier than that prescribed by the statute. The facts in the case before us today do not begin to suggest the necessity of disregarding Congress' word in this matter.

AFFIRMED.