**Roderick A. JETER,**
**Petitioner-Appellant,**

v.

**Thomas F. KEOHANE, Warden,**
**Respondent-Appellee.**

No. 83–1736.

United States Court of Appeals,
Seventh Circuit.

Submitted June 26, 1984.*

Decided July 11, 1984.

Roderick A. Jeters, pro se.

Carolyn N. Small, Asst. U.S. Atty., Sarah Evans Barker, U.S. Atty., Indianapolis, Ind., for respondent-appellee.

Before PELL, WOOD and POSNER, Circuit Judges.

PER CURIAM.

This appeal is brought by an individual who has been sentenced to terms of imprisonment by both a federal court and a state court. He is presently serving his federal sentence and has petitioned for a writ of habeas corpus, seeking return to the state prison. The district court denied his petition and dismissed the action. Petitioner argues that he is entitled to complete his state incarceration before serving the federal sentence and that, therefore, his present confinement is "illegal."

■ The facts of the case are not in dispute.[1] Petitioner was sentenced to a three-year term of imprisonment by the State of Alabama. He began serving that sentence in February 1978; in April he escaped from prison and was recaptured two months later. Later in 1978, the petitioner was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum to face federal charges. The United States District Court for the Northern District of Alabama sentenced petitioner to two four-year terms which were to run concurrently and to begin "upon release from state custody ... or until otherwise discharged as provided by law." Petitioner was then returned to state custody. In December 1978, he again escaped; this time he remained at liberty

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

1. Petitioner also argues on appeal that the district court erred in denying his request for an evidentiary hearing. An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court. *Bergenthal v. Cady,* 466 F.2d 635, 638 (7th Cir.1972), *cert. denied,* 409 U.S. 1109, 93 S.Ct. 913, 34 L.Ed.2d 690 (1973); 28 U.S.C. § 2243. As there are no disputed facts in this case, the request for an evidentiary hearing was properly denied.

for over three years. In April 1982, he was arrested by a federal marshal on a warrant based on the federal conviction. Since his arrest, petitioner has been in the custody of the Federal Bureau of Prisons. The State of Alabama placed a detainer with the warden of his federal prison and, for one month in 1982, obtained temporary custody of the petitioner under the Interstate Agreement on Detainers Act so that he could stand trial for additional state charges.

■ The United States Supreme Court held in *Ponzi v. Fessenden*, 258 U.S. 254, 262, 42 S.Ct. 309, 311, 66 L.Ed. 607 (1922), that determining whether the federal or state government has prior jurisdiction over the person of an accused rests on principles of comity between the two sovereigns. This ruling has been followed by all federal courts addressing the issue. *See Causey v. Civiletti*, 621 F.2d 691 (5th Cir. 1980); *United States v. Warren*, 610 F.2d 680 (9th Cir.1980); *United States v. Croft*, 450 F.2d 1094 (6th Cir.1971); *Mitchell v. Boen*, 194 F.2d 405 (10th Cir.1952); *Vanover v. Cox*, 136 F.2d 442 (8th Cir.1943). If there is a dispute over whether an individual should be in custody of either the state or the federal government, that dispute is between the two sovereigns. An individual who has violated the laws of two or more sovereigns may not complain of the order in which he is to serve the various sentences. *Mitchell v. Boen*, 194 F.2d at 407; *Lionel v. Day*, 430 F.Supp. 384, 386 (W.D. Okla.1976).

The petitioner's claim for habeas corpus relief is without merit and its dismissal is

AFFIRMED.