995 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Isom MOSES, Petitioner-Appellant,
v.
Michael J. O'DEA, III, Warden, Respondent-Appellee.
 No. 93-5150.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1993.
 
 1
 Before: JONES and NELSON, Circuit Judges, and FRIEDMAN, District Judge.*
 
 ORDER
 
 2
 William Isom Moses, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Moses was paroled to federal custody in 1976 after serving part of a 24-year Kentucky sentence for manslaughter and escape. Federal authorities, in turn, released him in 1977 after completion of his federal sentence, but he remained on Kentucky parole. Moses was convicted of bank robbery in 1980 and received an additional 15-year federal sentence, from which he was paroled to Kentucky custody in 1984 pursuant to a parole violation detainer. He was again paroled by Kentucky in 1986, but was convicted of new state crimes in 1989, while still on both state and federal parole. The record is unclear on whether his new 10-year sentence runs consecutively or concurrently to the 24-year sentence which was reinstated due to his parole revocation.
 
 
 4
 In his habeas petition, Moses presented one ground for relief: Kentucky gave up jurisdiction to enforce his sentences for manslaughter and escape in 1976 when he was paroled to federal custody, and in 1980 when Kentucky permitted his federal prosecution for bank robbery. In a report filed on October 6, 1992, a magistrate judge recommended that Moses's petition be denied. He concluded that it was constitutionally permissible for the federal government and a state to agree between themselves the order in which a prisoner who has committed crimes under both jurisdictions would serve his sentences. The magistrate judge further found that the governor of Kentucky specifically retained jurisdiction over Moses by the terms of his conditional release in 1976. The district court overruled Moses's objections, adopted the magistrate judge's findings of fact, and dismissed the petition with prejudice in an opinion and judgment filed on January 25, 1993. A correction to the district court's opinion was filed on February 3, 1993.
 
 
 5
 On appeal, Moses continues to argue the merits of his claim. He further argues that the district court erred by failing to hold an evidentiary hearing. In addition, Moses has filed a motion to expunge the district court's corrected order of February 3, 1993.
 
 
 6
 Upon review, we affirm the district court's judgment because Moses has not established that his trial was fundamentally unfair or that he is unjustly confined. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 7
 Moses's transfers from state to federal custody were neither illegal nor unconstitutional and did not result in Kentucky's loss of jurisdiction. See Baldridge v. Commonwealth, 473 S.W.2d 847, 847 (Ky.1971). Furthermore, he is not being "compelled unnecessarily to serve his sentence in a piecemeal fashion." United States v. Dovalina, 711 F.2d 737, 739 (5th Cir.1983) (quoting Causey v. Civiletti, 621 F.2d 691, 694 (5th Cir.1980)). Moses's predicament is of his own making. "A person who has violated the criminal statutes of both the Federal and State governments may not complain of the order in which he is tried or punished for such offenses." Id. See also Jeter v. Keohane, 739 F.2d 257, 258 (7th Cir.1984) (per curiam).
 
 
 8
 Finally, the district court did not err by not holding an evidentiary hearing. An evidentiary hearing in the district court is not mandatory unless one of the eight circumstances listed in 28 U.S.C. § 2254(d) is present, as shown by the petitioner, admitted by the state, or as otherwise appears from the record. See McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987). None of those circumstances is present in this case. The only dispute in this case is legal, not factual.
 
 
 9
 Accordingly, the district court's judgment, entered on January 26, 1993, is affirmed for the reasons stated by the magistrate judge and adopted by the district court. Rule 9(b)(3), Rules of the Sixth Circuit. The motion to expunge the district court's corrected order is denied. The district court retains jurisdiction to correct clerical mistakes after the filing of a notice of appeal. See Showtime v. Covered Bridge Condominium Assoc., 895 F.2d 711, 713 (11th Cir.1990) (per curiam).
 
 
 
 *
 The Honorable Bernard A. Friedman, U.S. District Judge for the Eastern District of Michigan, sitting by designation