995 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Isom MOSES, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5092.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1993.
 
 1
 Before: JONES and NELSON, Circuit Judges, and FRIEDMAN, District Judge.*
 
 ORDER
 
 2
 William Isom Moses, a pro se Kentucky prisoner subject to a Federal parole violation detainer, appeals a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In March 1980, Moses pleaded guilty in Federal district court to a bank robbery committed while he was on parole from a Kentucky conviction. He was sentenced to 15 years imprisonment. In December 1984, Moses was paroled by Federal authorities and was immediately taken into state custody pursuant to a Kentucky parole violation detainer. After serving 18 months in Kentucky, Moses was paroled by that jurisdiction in June 1986. In January 1989, while still on both state and Federal parole, Moses was convicted of new crimes by Kentucky. He is currently serving a 34-year sentence on his multiple state convictions. Federal authorities lodged a parole violation detainer against him because his new Kentucky conviction allegedly violated the terms of his Federal parole.
 
 
 4
 In his habeas petition, Moses asserted that the Federal detainer against him is illegal because Federal authorities lost jurisdiction over him when he was paroled to state custody. He further claimed that the government's action requires him to serve his Federal sentence in piecemeal fashion in violation of the law and Constitution. A magistrate judge issued a report on November 24, 1992, in which she recommended that the petition be denied for lack of merit. The district court reviewed the record de novo in light of Moses's objections, adopted the magistrate judge's report, and dismissed the petition with prejudice in an order filed January 12, 1993.
 
 
 5
 On appeal, Moses continues to argue the merits of his grounds for relief. In addition, he argues that the district court erred by not holding an evidentiary hearing.
 
 
 6
 Upon review, we affirm the district court's order because Moses's arguments do not merit habeas relief for the reasons stated by the magistrate judge.
 
 
 7
 "A parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which the parolee was sentenced." 18 U.S.C. § 4210(A) (repealed eff. ten years after Nov. 1, 1987). At the time of his release on Federal parole, Moses's sentence was set to expire on December 16, 1994. Thus, contrary to Moses's belief, the United States has not permanently relinquished jurisdiction over him. See Garafola v. Wilkinson, 721 F.2d 420, 425 (3d Cir.1983), cert. denied, 466 U.S. 905 (1984); Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980); Small v. United States Bd. of Parole, 421 F.2d 1388, 1389 (10th Cir.) (per curiam), cert. denied, 397 U.S. 1079 (1970). Even if Moses is released from state custody after December 16, 1994, the Parole Commission retains jurisdiction to revoke his parole because its parole violator warrant was issued within Moses's full term date. See Barrier v. Beaver, 712 F.2d 231, 236 (6th Cir.1983); Russie v. United States Dep't of Justice, 708 F.2d 1445, 1448 (9th Cir.1983).
 
 
 8
 Moses's second argument fails because he is not being "compelled unnecessarily to serve his sentences in a piecemeal fashion." United States v. Dovalina, 711 F.2d 737, 739 (5th Cir.1983) (quoting Causey, 621 F.2d at 694). Moses should have continued reading the next sentence of the passage upon which he relies, which states that "[a] person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." Id. See also Jeter v. Keohane, 739 F.2d 257, 258 (7th Cir.1984) (per curiam).
 
 
 9
 Finally, the district court did not err by not holding an evidentiary hearing. Such a hearing is required "unless the application for the writ and the return present only issues of law." 28 U.S.C. § 2243. Moses has not identified any disputed issue of material fact regarding the arguments raised in his petition. Because only issues of law are in dispute and his entitlement to relief may be determined from the record, Moses is not entitled to an evidentiary hearing. See Jeter, 739 F.2d at 257 n. 1.
 
 
 10
 Accordingly, the district court's order, entered on January 13, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.