IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-40156
Conference Calendar

DONALD RICHARDSON

Petitioner-Appellant

v.

T L OUTLAW

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CV-598

Before PRADO, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donald Richardson, federal prisoner # 01523-164, appeals the district court's denial of his 28 U.S.C. § 2241 petition. He argues that he is entitled to credit against his federal sentences from the date he was sentenced on bank robbery charges in the Southern District of Texas. We review the district court's determinations of law de novo and its findings of fact for clear error. Royal v. Tombone, 141 F.3d 596, 599 (5th Cir. 1998).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

From the time that Richardson was arrested by Oklahoma state law enforcement officers on state charges of shooting a police officer with intent to kill, he was under the primary custody of Oklahoma. See Causey v. Civileti, 621 F.2d 691, 693-94 (5th Cir. 1980); Zerbst v. McPike, 97 F.2d 253, 254 (5th Cir. 1938). His subsequent transfers pursuant to writs of habeas corpus ad prosequendum to face federal prosecutions did not place him in the primary custody of federal authorities, and his federal sentences were scheduled to commence on the date that Oklahoma released him to the United States Marshal. When a prisoner is transferred from state to federal custody pursuant to a writ of habeas corpus ad prosequendum, the transfer is "only a 'loan' of the prisoner" to the federal jurisdiction such that primary custody remains with the state. Causey, 621 F.2d at 693. Whether the prisoner has yet been convicted or sentenced by the state at the time of the transfer is immaterial. Id. Richardson was never received at a federal prison to serve his sentence during the period at issue and is therefore not entitled to federal credit for time served. See 18 U.S.C. § 3568 (repealed, but applicable to offenses such as Richardson's that were committed before 1984).

Richardson further argues that he is entitled to federal credit because he committed the state offense of shooting with intent to kill when authorities attempted to arrest him on federal charges. Richardson's argument relies upon case law that is inapposite to his case and that runs contrary to the law of this circuit. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001) (noting that sentencing errors generally must be addressed in a 28 U.S.C. § 2255 motion, not a § 2241 petition); United States v. Shillingford, 586 F.2d 372, 375 (5th Cir. 1978) (prisoner has burden of proving continuing state confinement was exclusively result of federal detainer).

AFFIRMED.