# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 30, 2010

Lyle W. Cayce
Clerk

No. 10-60297
Summary Calendar

JOHNNY HICKS,

Petitioner-Appellant

v.

UNITED STATES,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:10-CV-41

Before DEMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Johnny Hicks, Mississippi prisoner # 30841, appeals the dismissal, without prejudice, of his 28 U.S.C. § 2241-denominated petition for lack of jurisdiction. Hicks originally filed his petition in the Northern District of Mississippi, where he was incarcerated, but that court transferred the action to the Southern District of Mississippi, in which court Hicks had been convicted of being a felon in possession of a firearm. The Northern District based its transfer

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on a determination that Hicks was challenging his federal sentence and that he was seeking relief under 28 U.S.C. § 2255.

The Southern District determined that Hicks was challenging the manner in which his sentence was being executed and that Hicks's claims must be raised in a § 2241 petition. It determined that it lacked jurisdiction over Hicks's § 2241 petition because Hicks was not incarcerated within the Southern District.

Although Hicks is appealing the Southern District's order, he does not disagree with that court's analysis. He argues that the claims raised in his § 2241 petition concern the execution of his sentence and that the Northern District misapprehended the nature of his claims when it construed his filing as seeking relief under § 2255 and transferred his § 2241 petition to the Southern District.

Section 2255 provides the main vehicle to raise a collateral challenge to a federal sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Section 2255 relief is the remedy for "errors that occurred at or prior to sentencing." *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (internal quotation marks and citation omitted). In contrast, § 2241 is used to raise a challenge to "the manner in which a sentence is executed." *Tolliver*, 211 F.3d at 877.

Hicks is correct that his § 2241-denominated petition did not raise errors that occurred at or prior to sentencing. His claims concern events that occurred after he was convicted and sentenced on federal charges, specifically his release from federal custody to state custody and his continuation in state custody following his conviction on state charges. A § 2241 petition was the proper vehicle for Hicks's claims. *See Tolliver*, 211 F.3d at 877.

"To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985). Because Hicks was incarcerated in a prison facility in the Northern District when he filed his § 2241

2

petition, the Southern District did not err in dismissing the petition for lack of jurisdiction. *See id.* Accordingly, the order of the Southern District is affirmed. This Court notes that the dismissal by the Southern District was without prejudice, thereby permitting Hicks to re-file.

Hicks has also petitioned this Court to issue a writ of prohibition. In his petition, Hicks seeks credit against his federal sentence for this time he has served in state custody. He also requests a transfer to federal custody.

"The Writs of Mandamus and Prohibition are granted sparingly." *In re Estelle*, 516 F.2d 480, 483 (5th Cir. 1975) (internal quotation and citation omitted). Such writs, available under the All-Writs Act, 28 U.S.C. § 1651(a), are reserved for extraordinary causes and are issued only when the right to relief is clear and indisputable. *Id.*

A prisoner who has received credit on his state sentence for his time in state custody is not entitled to additional credit on his federal sentence for that same period. *Leal v. Tombone*, 341 F.3d 427, 429–30 (5th Cir. 2003). Further, "the federal government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first." *Causey v. Civiletti*, 621 F.2d 691, 694 (5th Cir. 1980). Because Hicks has not shown that he has a clear right to credit against his federal sentence, or for any other relief, based on his release from federal custody to state custody and his continuation in state custody following his conviction on state charges, his petition for a writ of prohibition is denied. *See Estelle*, 516 F.2d at 483.

AFFIRMED; PETITION FOR WRIT OF PROHIBITION DENIED.