[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15960
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:08-cv-00279-WTH-DAB

JULIAN BUTLER,

                                                          Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - MEDIUM,

                                                          Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 28, 2011)

Before EDMONDSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Julian Butler, a *pro se* federal prisoner, appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Construing Butler's brief liberally, he contends that the district court erred in refusing to modify his federal sentence to reflect the time that he spent in state prison. Below, Butler asserted that he was entitled to a *nunc pro tunc* designation stating that his federal sentence commenced on either of the dates he was sentenced in state or federal court, rather than the day he was turned over to federal authorities after having served his state sentence. Alternatively, Butler argued that, pursuant to 18 U.S.C. § 3585(b), the district court should have credited his federal sentence with the amount of time he spent in state custody beyond his state sentence.

Like other questions of law, we review *de novo* the availability of habeas relief under § 2241. *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005). "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

However, when the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum*, the state's custody is not

2

interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence. *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary . . . A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."); *see also United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.").

The manner in which a state chooses to impose and execute its sentences does not affect the sovereign right of the United States to impose and execute its sentences in the manner deemed appropriate by the federal courts and federal authorities. *See, e.g., Finch v. Vaughn*, 67 F.3d 909, 915 (11th Cir. 1995) (collecting cases). When computing a federal sentence:

[a] defendant shall be given credit toward the service of a term of

3

imprisonment for any time he has spent in official detention prior to the date the sentence commences –

> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b). A prisoner cannot, however, receive double credit for detention time. *See Dawson v. Scott*, 50 F.3d 884, 887 n.4 (11th Cir. 1995).

Here, the court did not err in denying Butler's *nunc pro tunc* request that his federal sentence be made retroactive to any date earlier than July 21, 2006. Because Butler was not in federal custody until that date, and the sentencing court ordered that his sentence run consecutive to any state sentence, the district court properly concluded that Butler's sentence should be calculated beginning on that date.

However, the district court was bound to calculate a sentence in accordance with 18 U.S.C. § 3585(b). Because Butler was arrested on the state charges after commission of the federal offense, if he was detained without credit towards any sentence prior to serving his federal sentence, he would be entitled to credit on his federal sentence under 18 U.S.C. § 3585(b)(2). In this case, though the record

4

indicates that Butler received a total sentence of 30.3 months' imprisonment, the record does not clearly show what sentences Butler received in each of his four concurrent state judgments. Because the length of one particular sentence – case number CRC0207264CFANO – will affect whether Butler is entitled to credit on his federal sentence, we vacate and remand with instructions to expand the record and calculate any potential uncredited days of detention.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**