# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2013

No. 12-10857
Summary Calendar

Lyle W. Cayce
Clerk

KERRY WAYNE WASHINGTON,

Petitioner-Appellant

v.

RODNEY W. CHANDLER,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-279

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kerry Wayne Washington, federal prisoner # 33656-077, appeals the dismissal of his 28 U.S.C. § 2241 petition seeking credit toward his federal sentences for obstruction of commerce by robbery and use of a firearm during a crime of violence for time that he served in Texas prison for violating his state probation.

Because Washington is proceeding under § 2241, he is not required to obtain a certificate of appealability to pursue his appeal. *See Jeffers v. Chandler*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

253 F.3d 827, 830 (5th Cir. 2001).  In the § 2241 context, we review the district court's legal determinations de novo and its factual findings for clear error. *Royal v. Tombone*, 141 F.3d 596, 599 (5th Cir. 1998).

The Attorney General, through the Bureau of Prisons (BOP), determines what credit, if any, is given to prisoners for time spent in custody prior to the commencement of their federal sentences. *United States v. Wilson*, 503 U.S. 329, 331-32, 334 (1992).  "Where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).  Based on the record before us, including abundant evidence that the district court did not intend to impose Washington's federal sentences to run concurrent to the Texas sentence at issue, the district court did not err by dismissing Washington's claim that the BOP improperly denied his request for a nunc pro tunc designation.  *See Royal*, 141 F.3d at 599.

Contrary to his arguments that he was under the primary jurisdiction of the United States during the period at issue, Washington was in the primary custody of Texas following his arrest by Texas state authorities.  *See Causey v. Civiletti*, 621 F.2d 691, 693-94 (5th Cir. 1980); *Zerbst v. McPike*, 97 F.2d 253, 254 (5th Cir. 1938).  When he was transferred to the Northern District of Texas pursuant to writs of habeas corpus ad prosequendum, each transfer was "only a 'loan' of the prisoner" such that Texas retained primary jurisdiction.  *Causey*, 621 F.2d at 693 (citations omitted).  Even if the Government could have chosen to exercise its jurisdiction over him at the time of his federal sentencing in August 2000, it chose not to do so; instead it returned him to Texas and issued a detainer.  *See id.* at 693-94.  He fails to show that the district court erred by dismissing his § 2241 petition without holding an evidentiary hearing.  *See Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989).

AFFIRMED.