**Gregory W. HUDSON, Plaintiff,**

**v.**

**CHICAGO POLICE DEPART., et al., Officer Blay, Officer Corcoren, et al., Assistant States Atty. Thomas Rieck, et al., Asst. Public Defender Robert Strunk, Judith Stewart, Attorney Richard Kagan, Defendants.**

No. 94 C 3724.

United States District Court, N.D. Illinois, Eastern Division.

July 11, 1994.

Gregory W. Hudson, pro se.

*MEMORANDUM OPINION
AND ORDER*

ASPEN, District Judge:

Gregory W. Hudson brings this pro se complaint pursuant to 42 U.S.C. § 1983. In

1991, Hudson was charged with a double homicide and is currently awaiting trial in the Circuit Court of Cook County. He alleges that Chicago police officers, assistant state's attorneys, assistant public defenders, a privately-retained lawyer, and a judge have conspired to conceal exculpatory evidence and otherwise tamper with evidence. He seeks 5.5 million dollars in damages from each of the defendants "involved with the conspiracy to alter and conceal exculpatory materials, that would negate his guilt and free petitioner." Complaint at 14A. He also seeks to have this court subpoena various information, apparently in an effort to prove his contention that he was in custody when the murders occurred. In a letter, filed July 5, 1994, construed as a motion for a temporary restraining order he seeks to have a temporary restraining order placed on Judge Kelley (apparently to stay Hudson's trial, which is set to commence on July 11, 1994) until after the federal court has procured all the materials Hudson seeks.

■ Federal courts have a duty to interpret liberally complaints filed by pro se litigants. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Woods v. Thieret,* 903 F.2d 1080, 1082 (7th Cir.1990). With this in mind, we note that Hudson has not specifically sought release in this complaint. He asks for money damages for alleged violations of his civil rights, for this court to subpoena various documents, and for injunctive relief.

■ In recognition of concerns for comity and federalism underlying the doctrine of federal judicial restraint as pronounced in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), federal courts will not entertain a claim for damages under § 1983 if disposition of the claim would entail ruling on issues in dispute in pending state proceedings. *See Greening v. Moran,* 953 F.2d 301, 304 (7th Cir.1992); *Crump v. Lane,* 807 F.2d 1394, 1400 n. 5 (7th Cir.1986).

If this court allowed this complaint to proceed, a judgment in favor of Hudson would imply that the defendants withheld exculpatory evidence from Hudson and tampered with the evidence in all the myriad ways he recounts in his complaint, thus undermining any conviction that may be had in Hudson's trial.[1] According to the clear dictates of *Younger* and in view of the pending nature of this case in the state court system, we conclude that abstention is in order and that Hudson's § 1983 damage claims must be dismissed. If at a later date he is acquitted, or his conviction (if he is convicted) is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, he may bring an action under § 1983, if his conviction was a result of constitutional wrong doing. *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

■ This does not end our inquiry, however. In addition to money damages, Hudson also requested this court to subpoena various documents and make an investigation into his case. He is essentially asking this court to try his case. Because a trial in any forum may result in Hudson's acquittal, the complaint therefore also may be construed as a petition for a writ of habeas corpus or a petition for removal from state to federal court.

■ The sole remedy for release is by way of a petition for a writ of habeas corpus, *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), with its concomitant requirement of exhaustion of state remedies. *See Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Hudson's case has not even gone to trial. Although federal courts have jurisdiction to grant writs of habeas corpus before trial pursuant to 28 U.S.C. § 2241(c)(3), courts are reluctant to grant such relief, particularly in a case such as this one when the effect essentially would be to derail a pending state criminal proceeding. *See Neville v. Cavanagh,* 611 F.2d 673, 675–6 (7th Cir.1979), *cert. denied,* 446 U.S. 908, 100 S.Ct. 1834, 64

---

1. This is not to imply that Hudson will be convicted when he goes to trial. He may be acquitted.

L.Ed.2d 260 (1980). Construing the complaint as a petition for a writ of habeas corpus, the court accordingly denies the petition for failure to exhaust state remedies.

If Hudson is attempting to remove his case from state to federal jurisdiction, we note that there is no indication in his complaint that he has complied with the procedures for removal as outlined in 28 U.S.C. § 1446.

Even if Hudson had pleaded his case under the applicable removal statute, 28 U.S.C. § 1443(1), and followed the proper procedures, it would not have availed him. To satisfy the two-pronged test for removal, a petitioner (1) allegedly must have been denied a right arising under a federal law that provides for specific civil rights stated in terms of racial equality and (2) these federal rights allegedly must have been denied or cannot be enforced in the state courts. *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975). Hudson has been charged with an offense against the People of the State of Illinois. No federal law or allegations of denial of equal protection are involved here.

Furthermore, it has long been recognized that determining whether the federal or state government has prior jurisdiction over the person of an accused rests on principles of comity between the two sovereigns. *Ponzi v. Fessenden*, 258 U.S. 254, 262, 42 S.Ct. 309, 311, 66 L.Ed. 607 (1922). "If there is a dispute over whether an individual should be in custody of either the state or the federal government, that dispute is between the two sovereigns." *Jeter v. Keohane*, 739 F.2d 257, 258 (7th Cir.1984). No such dispute currently exists as Hudson does not allege he has also been charged with a federal offense. Hudson's petition therefore does not meet any of the criteria for removing this case from state to federal jurisdiction.

Hudson also seeks to have a temporary restraining order placed on Judge Kelley (apparently to stay Hudson's trial, which is set to commence on July 11, 1994) until after the federal court has procured all the materials Hudson seeks. Abstention is appropriate when a plaintiff invokes federal jurisdiction for the purpose of restraining state criminal proceedings. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816, 96 S.Ct. 1236, ——, 47 L.Ed.2d 483 (1976); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Douglas v. City of Jeannette*, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). Because restraining state criminal proceedings is precisely what Hudson is attempting to do, the court abstains and therefore denies Hudson's motion for a temporary restraining order.

Accordingly, finding no arguable legal basis for the complaint, the court denies Hudson's motion for leave to file in forma pauperis, *see Denton v. Hernandez*, —— U.S. ——, —— – ——, 112 S.Ct. 1728, 1733–34, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), and dismisses this action pursuant to 28 U.S.C. § 1915(d). Hudson's motion for a temporary restraining order is denied.

It is so ordered.