Clifton CRAWFORD, Appellant,

v.

Delbert C. JACKSON, Director, District of Columbia Department of Corrections, et al.

No. 78–1096.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 22, 1978.

Decided Nov. 22, 1978.

Edward S. Rosenthal, Washington, D. C., for appellant.

Constantine J. Gekas, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Oscar Altshuler and Robert St. John Roper, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before McGOWAN and TAMM, Circuit Judges, and JUNE L. GREEN *, United States District Judge for the District of Columbia.

Opinion for the Court filed by JUNE L. GREEN, District Judge.

JUNE L. GREEN, District Judge.

### Introduction

 Appellant Clifton Crawford, a prisoner incarcerated in Prince William County, Virginia, appeals dismissal of his petition for a writ of habeas corpus in the District Court. He seeks credit against his District of Columbia sentence for time served in the District of Columbia alleging that (1) he was held from July 8, 1976 to September 23, 1977 pursuant to a writ of habeas corpus ad prosequendum that had expired;[1] and (2) because service of his sentence had begun on March 3, 1977, it could not be interrupted by transfer back to Virginia.

Appellant is actually seeking double credit; that is, credit against both his District of Columbia and Virginia sentences.

We find it unnecessary to decide appellant's allegation that his sentence could not be interrupted as we hold that the authority of the writ did not expire and therefore appellant's District of Columbia sentence did not begin to run.

### Factual Background

Crawford was convicted of robbery in the United States District Court for the District of Columbia in 1969 and was sentenced to three (3) to nine (9) years. He was paroled on October 18, 1974. He was subsequently convicted of robbery in Virginia in December 1975 and sentenced on the same day to a term of fifteen (15) years in the Virginia State Penitentiary.

In November 1975 Crawford was indicted for burglary in the District of Columbia. Because he was already incarcerated in Virginia when the indictment was returned, his presence in the District of Columbia was secured by a writ of habeas corpus ad prosequendum. Crawford was transferred from Virginia to the District of Columbia jail on January 6, 1976. On March 1, 1976 Crawford's parole was revoked[2] by the District

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

1. Appellant's contention that he is entitled to credit against his District of Columbia sentence from January 6, 1976 to July 8, 1976 is clearly without merit, not only under the very statute he seeks to invoke, Title 18 U.S.C. § 3568, but also because he was in the District of Columbia pursuant to the writ until that time. The fact that his parole was revoked in March 1976 did not in any way affect the continued vitality of the writ.

2. It was agreed at oral argument that Crawford would be credited with service of his parole back up time, which would otherwise have to have been served consecutive to his District of Columbia and Virginia sentences. Again the Court notes that service of the parole back up time did not undermine the authority of the writ.

of Columbia Board of Parole, and on March 3, 1976 he was transferred from the District of Columbia jail to Lorton to begin serving his parole back up time in the District of Columbia.

On July 8, 1976 he pled guilty to robbery and receiving stolen property. He was sentenced on the same day to four (4) years, four (4) months to thirteen (13) years on the robbery charge, and (1) year on the receiving stolen property charge, to run consecutive thereto and to any other sentence being served in any jurisdiction.

On March 3, 1977 Crawford was reparoled from his original 1969 robbery conviction, and as of that date, his institutional facesheet reflected that he began service of his sentence of four (4) years, four (4) months to thirteen (13) years.

On September 23, 1977 he was returned to the Virginia authorities.[3]

## I.

Appellant argues that his sentence commenced on March 3, 1977 when administrative entries were made to that effect, when "everyone including Crawford, Lorton officials, the D.C. Board of Parole and the D.C. Department of Corrections thought Crawford was serving his Superior Court sentences."[4]

Custody of appellant in the District of Columbia was obtained pursuant to a writ of habeas corpus ad prosequendum[5] which indicated that upon conclusion of the (D.C.) proceedings he was to be returned to the sending state. This writ has long been recognized as the normal means by which federal courts obtain custody of an accused when he is in the custody of another jurisdiction.

The question presented for determination then is whether failure to return a prisoner to a sending state upon conclusion of the proceedings in the receiving state, and, administrative entries reflect that the prisoner has started to serve the receiving state's sentence, constitute receipt of an individual at the "penitentiary, reformatory or jail within the meaning of Title 18 U.S.C. 3568".[6] We hold that it does not.

When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be "on loan" to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly. Failure to release a prisoner does not alter that "borrowed" status, transforming a state prisoner into a federal prisoner. This is so despite any administrative entries to the contrary made by the receiving state. As the Eighth Circuit Court of Appeals held in *Application of Nelson*, 434 F.2d 748, 750 (1970), "[t]his statute [18 U.S.C. § 3568] dictates that a federal sentence remains without punitive operation until the United States obtains custody enabling it and entitling it to enforce the sentence." *See also, Burge v. United States*, 332 F.2d 171 (8th Cir. 1964), *cert. denied*, 379 U.S. 883, 85 S.Ct. 155, 13 L.Ed.2d 89 (1964).

In the instant case the District of Columbia only borrowed appellant to an-

---

3. The government has arranged with the appropriate authorities in Virginia for Crawford to receive credit against his Virginia sentence for the entire time he was incarcerated in the District of Columbia.

4. Brief for Appellant at 11–12.

5. The District of Columbia Superior Court as a court established by an Act of Congress, is authorized to issue writs of habeas corpus ad prosequendum pursuant to the All Writs Statute, 28 U.S.C. § 1651(a).

6. Title 18 U.S.C. § 3568 provides in pertinent part:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory or jail for service of such sentence. The Attorney General shall give any such person credit toward service of its sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.
> No sentence shall prescribe any other method of computing the term.

swer to the District of Columbia charges. Although the District of Columbia failed to return him and therefore arguably the writ had expired, such expiration did not confer upon the District of Columbia the authority to enforce appellant's sentence. Thus appellant's sentence never commenced within the meaning of Section 3568.

For the reasons stated above, the order of the District Court denying appellant credit against his District of Columbia sentence for time served in the District of Columbia is hereby affirmed.