ALD-173                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3403
_____

JAMES A. MCNAIR,
                                                            Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 13-cv-05094)
District Judge: Jerome B. Simandle

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 23, 2015

Before:  RENDELL, CHAGARES and SCIRICA, Circuit Judges

(Opinion filed: May 8, 2015)
_____

OPINION*
_____

PER CURIAM

        James A. McNair appeals from an order of the District Court denying his petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we

will summarily affirm.

        McNair (a/k/a Nick Johnson), now a federal prisoner, was sentenced in New

Jersey state court on August 9, 1996 to ten years' imprisonment.  (There apparently was a

second shorter sentence which ran concurrently to this one.) On May 1, 1998, less than two years into his 10-year state sentence, McNair walked away from a community treatment center, and while on "escape" status, he robbed a bank. He was arrested and returned to state custody on May 9, 1999, and resumed serving his original state sentences. On July 14, 2000, McNair was sentenced in the United States District Court for the Western District of Pennsylvania to a term of imprisonment of 168 months for the bank robbery. On August 16, 2002, McNair was sentenced in state court to a three-year term of imprisonment for the escape, the sentence to run concurrent with the previous state sentences. On March 19, 2003, McNair was paroled from state custody and taken into federal custody. On April 28, 2005, McNair was sentenced in federal court in New Jersey to a 96-month term of imprisonment, to run consecutive to his other sentences, following a conviction for conspiracy to obstruct commerce by robbery.

The Bureau of Prisons ("BOP") calculated McNair's federal sentence by adding the consecutive sentences of 168 months imposed in *United States v. McNair*, Crim. No. 99-cr-00060-3, and 96 months imposed in *United States v. McNair*, Crim. No. 04-cr-00267, for a total federal sentence of 264 months. The BOP determined that the federal sentence of 264 months commenced on March 19, 2003, the day that McNair was paroled from his New Jersey sentences. The BOP found that the first federal sentence was "silent" at the time of sentencing with regard to its relationship with the state sentences, and thus it was calculated as being consecutive to those sentences pursuant to 18 U.S.C. § 3584(a). See Exhibit to § 2241 Petition, Administrative Response of Harrell Watts. The BOP did not give McNair any credit against his total federal sentence for the time spent awaiting trial on the original federal charges because that time was previously credited

2

toward his state sentences and § 3585(b) prohibits double credit. McNair's projected release date, with good conduct time, is May 18, 2022.

After exhausting his administrative remedies, McNair filed his § 2241 petition in the United States District Court for the District of New Jersey. In general, McNair argued that he was entitled to credit against his federal sentence for the time spent in pretrial custody in the Camden County Jail, awaiting trial on the original federal charges. He also argued that he was entitled to credit against his federal sentence for the period from January 9, 2001, through March 19, 2003, because he allegedly completed his 10-year state sentence in January, 2001, before being transferred to the Camden County Jail to await trial on the federal charges.

The United States Attorney answered the § 2241 petition on behalf of the Warden at the Federal Correctional Institution at Fairton, N.J., where McNair is incarcerated, and submitted a Declaration from a BOP Program Specialist and the administrative record. In an order entered on July 16, 2014, the District Court denied the § 2241 petition. The Court found no error in the BOP's calculation of McNair's sentence, agreeing with the BOP that McNair's federal sentence did not commence until March 19, 2003; that New Jersey retained custody of him while he was awaiting trial on the original federal charges; that he received credit against his state sentences from January 9, 2001, through March 19, 2003; and that pursuant to 18 U.S.C. § 3585(b) he was not entitled to double credit.

McNair appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to appeal in forma pauperis and advised him that his appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir.

3

LAR 27.4 and I.O.P. 10.6. McNair has submitted a response in opposition to summary action, which we have considered. The Warden has moved for summary affirmance.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP. United States v. Wilson, 503 U.S. 329, 334-35 (1992). Calculation of a federal sentence is governed by 18 U.S.C. § 3584 and § 3585. The District Court may correct an error by the BOP in the calculation of a federal sentence through a writ of habeas corpus. See, e.g., Barden v. Keohane, 921 F.2d 476, 479 (3d Cir. 1990). We review the District Court's denial of McNair's § 2241 petition de novo, and review its factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

The District Court correctly determined that McNair is not entitled to the credit he seeks, for the reasons given by the BOP. The Court properly determined that the period of time that McNair sought as a credit related to a period when he was in the primary custody of New Jersey, and that period was credited to his New Jersey sentences. As correctly determined by the Court, the BOP complied with § 3585(a) in calculating McNair's federal sentence commencement date as March 19, 2003, because this was the date he was paroled from his New Jersey sentence. 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). It is true that, in

4

August, 1999, McNair was temporarily released to the custody of the United States Marshal Service pursuant to a writ of habeas corpus *ad prosequendum*, but New Jersey retained primary jurisdiction over him while he awaited trial on the federal charges. The production of a defendant pursuant to a writ of habeas corpus *ad prosequendum* does not affect the jurisdiction of the sovereign with primary custody over a defendant. See Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000), *abrogated in part on other grounds by statute*. See also Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978) ("When an accused is transferred pursuant to a writ of habeas corpus *ad prosequendum* he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly.").

McNair offered no evidence to show that New Jersey relinquished primary custody at any time between his arrest on May 9, 1999, and his release, via parole, on March 19, 2003. His assertion that he completed his state sentences in January, 2001 is contradicted by the administrative record, taken as a whole.[1] Moreover, the first federal sentence was "silent" at the time of sentencing with regard to its relationship with the state sentences, and thus it was properly calculated as being consecutive to those sentences. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.")

In sum, the administrative record, which McNair did not argue was incomplete, provides no support for an assertion that he did not receive credit against his state sentences for the period from January 9, 2001, through March 19, 2003. Relying upon §

---

[1] The Judgment of Conviction and Order of Commitment pertaining to McNair's state sentence of August 16, 2002 on the escape conviction states that he was being sentenced to a state term of imprisonment "of 3 years, consecutive to the federal sentence presently being served." However, at that time, McNair had yet to begin his federal sentence.

3585(b), the District Court further correctly determined that McNair was not entitled to a credit on his federal sentences for that same period. Section 3585(b), which controls the award of prior custody credit, indicates that credit may not be given toward a federal sentence for time which was previously credited toward any other sentence. 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -- (1) as a result of the offense for which the sentence was imposed; * * * that has *not* been credited against another sentence.") (emphasis added). The District Court thus correctly determined that McNair was not entitled to double credit.

For the foregoing reasons, we will summarily affirm the order of the District Court denying McNair's § 2241 petition.