BLD-087                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2396
_____

RODNEY HOLLOMAN,
                                            Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District
Court for the District of New Jersey
(D.C. Civ. No. 14-cv-05831)
District Judge: Robert B. Kugler
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 17, 2015

Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: December 21, 2015)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Rodney Holloman appeals from an order of the District Court denying his habeas corpus petition, 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

Holloman, now an inmate at FCI Fairton, was served with a federal arrest warrant on June 29, 2010, at the State Correctional Institution in Pine Grove, Pennsylvania where he was serving a state sentence of 15-36 months. Pursuant to a *writ ad prosequendum*, Holloman was "borrowed" by federal authorities on this same date for the purpose of prosecuting him on certain outstanding federal criminal charges, which had been filed in the United States District Court for the Eastern District of Pennsylvania, see United States v. Holloman, D.C. Crim. No. 10-cr-00188. Holloman was returned to state authorities on July 8, 2011, and then temporarily transferred again to federal custody in October, 2011, via another *writ ad prosequendum*, for a hearing at which he pleaded guilty to bank fraud and aggravated identity theft. On June 28, 2012, Holloman was sentenced in federal court on these convictions to a term of imprisonment of 67 months, the sentence to run concurrent with the state sentence. He was returned to state authorities on July 12, 2012, and, on January 16, 2013, he was released from state custody to begin serving his federal sentence.

The Bureau of Prisons ("BOP") calculated Holloman's release date for his 67-month term of imprisonment to be March 15, 2017, assuming that he receives all good conduct credit available to him. Holloman sought a recalculation of his release date through administrative remedies available to him at FCI Fairton, requesting credit for time served while on loan to federal authorities, and also challenging the BOP's failure to run his federal sentence "retroactively" concurrent to his state sentence, as allegedly

2

required by the federal sentencing court. With regard to the latter claim, Holloman argued that it was the intention of the federal sentencing court to make his federal sentence commence on the date of his federal arrest, June 29, 2010, thus giving him credit against his federal sentence of approximately 30 months. The BOP rejected Holloman's requests, concluding at the national level that Holloman was not entitled to credit for time served while on loan to federal authorities; and that his federal sentence ran concurrently with his state sentence only from June 28, 2012, the date he was sentenced in federal court.[1]

Holloman then filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the District of New Jersey, challenging the execution of his sentence by the BOP. Holloman alleged specifically that the BOP did not follow the instructions of the federal sentencing court when it identified June 28, 2012 as the date when concurrency of his state and federal sentences began. The Warden responded to the petition and submitted the complete administrative record, including the transcript from Holloman's federal sentencing hearing. In an order entered on May 7, 2015, the District Court denied the § 2241 petition with prejudice, upholding the BOP's calculation of Holloman's sentence and specifically finding that the federal sentencing court did not intend that Holloman's sentence run "retroactively" concurrent to his state sentence.

---

[1] The BOP also awarded Holloman 79 days of prior custody credit from November 13, 2008 through January 30, 2009, pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1971), Kayfez v. Gasele, 993 F. 2d 1288 (7th Cir. 1993), and Program Statement 5880.28, which provide for an exception to the double credit prohibition in 18 U.S.C. § 3585(b). That credit is not at issue here.

Holloman appeals.  We have jurisdiction under 28 U.S.C. § 1291.  A certificate of appealability is not required to appeal from the denial of a § 2241 petition.  See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).  Our Clerk granted Holloman leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6.  The Warden has filed a motion for summary affirmance, and Holloman has submitted argument in opposition to summary action.

We will grant the Warden's motion and summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6.  A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is available to a federal prisoner who seeks, as Holloman does, to challenge the execution of his sentence.  See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).  We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings.  See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000), abrogated in part on other grounds by statute.

The District Court correctly upheld the BOP's decision not to award credit for time served by Holloman while on loan to federal authorities.  The production of a defendant pursuant to a writ of habeas corpus *ad prosequendum* does not affect the jurisdiction of the sovereign with primary custody over a defendant.  Rios, 201 F.3d at 274.  See also Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978) ("When an accused is transferred pursuant to a writ of habeas corpus *ad prosequendum* he is

4

considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly."). Pennsylvania had primary custody over Holloman while he was on loan to federal authorities, and thus the service of *its* sentence had priority. Rios, 210 F.3d at 274-75. Holloman failed to show that Pennsylvania effectively relinquished custody of him during the time when he was on loan to federal authorities.

Citing U.S.S.G. § 5G1.3 and 18 U.S.C. § 3584(a), Holloman also claimed that the federal sentencing court intended to make his federal sentence "retroactively" concurrent to his state sentence, thus commencing his 67-month federal sentence on the date of his federal arrest, June 29, 2010, rather than on the date it was imposed, June 28, 2012. The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP. United States v. Wilson, 503 U.S. 329, 334-35 (1992). In calculating the sentence, the BOP determines (1) when the federal sentenced commenced, and (2) whether there are any credits to which the prisoner may be entitled. 18 U.S.C. § 3585(a), (b). In pertinent part, section 3584(a) provides that, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively…." 18 U.S.C. § 3584(a). In addition, sentencing courts "shall" adjust a federal sentence under § 5G1.3(b)(2) under some circumstances to achieve concurrency.

In exercising review of the issues raised by Holloman's § 2241 petition, "the appropriate starting point is to ascertain the meaning that we should ascribe to the

5

[federal] sentencing court's directives." Rios, 201 F.3d at 264. The District Court correctly rejected Holloman's argument that his federal sentence commenced to run on the date of his federal arrest, because there is no evidence that the federal sentencing court intended Holloman's federal sentence to be "retroactively" concurrent. Rather, as evidenced in the Judgment and Commitment Order and the transcript of the sentencing, the federal sentencing court adjusted Holloman's 67-month federal sentence by ordering that it be served concurrently with the *remainder* of Holloman's state sentence. At the June 28, 2012 federal sentencing hearing, Holloman's counsel raised the issue of the approximately six months remaining on Holloman's state sentence and stated: "[Y]ou have the authority under 5(g)1.3 to have concurrent sentencing. Given the fact that he's got until January of 2013 left, I would ask that you impose [the federal sentence] concurrently." N.T., 6/28/12, at 10. The Government opposed this request. Id.

The federal sentencing court, upon consideration of the arguments of counsel and Holloman's substantial criminal history, stated: "[I]t makes me very sad to think that you've wasted your life this way, and I'm going to put you away. I mean, there's no question about it. **** [W]hat's running through my mind is how long I have to keep you off the streets so that you don't do it again.... **** I'll give you some help but not a lot." Id. at 20. The court decided to "follow the Government's recommendation on . . . the Sentencing Guidelines," and then stated, "but I am going to run [the federal sentence] concurrent to your present sentence." Id. at 21.

Based on his counsel's reference to U.S.S.G. § 5G1.3, Holloman argues in his summary action response that the federal sentencing court intended to adjust his federal

6

sentence by running it "retroactively" concurrent to his state sentence, and not just concurrent with the undischarged portion of his state sentence. (Response, at 3.) We have reviewed the entire sentencing transcript and we disagree. Holloman received approximately six months of credit that he would not otherwise have received had his federal sentence been ordered to run consecutively to his state sentence, as requested by the Government. The federal sentencing court fully recognized that Holloman did not have a substantial amount of time left on his undischarged state sentence, and outlined her reasons for giving Holloman a substantial federal sentence. N.T., at 20-21. Sentencing courts are required to be explicit when adjusting a sentence under § 5G1.3 so as to be fully concurrent with a state sentence. Ruggiano v. Reish, 307 F.3d 121, 133 (3d Cir. 2002). Here, nothing whatever in the transcript demonstrates an intent by the federal sentencing court to provide Holloman the benefit of "retroactive" concurrency. Thus, the BOP correctly determined that the concurrency of Holloman's state and federal sentences commenced on the date his federal sentence was imposed, June 28, 2012, and not on the date when he was arrested on the federal charges.

For the foregoing reasons, we will grant the Warden's motion and summarily affirm the order of the District Court denying the § 2241 petition.