BLD-273                                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1540
_____

CARLTON ALLEN,
                         Appellant

v.

WARDEN MCKEAN FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-15-cv-00309)
District Judge: Honorable Barbara Jacobs Rothstein
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 8, 2017

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed: July 17, 2017)
_____

OPINION[*]
_____

PER CURIAM

    Carlton Allen appeals pro se from the District Court's order denying his 28 U.S.C.

§ 2241 petition, in which he argued that his federal sentencing court erred by not ordering

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

his 2009 federal sentence to run concurrently with a state sentence he served prior to his designation to a Bureau of Prisons (BOP) facility. As the appeal does not present a substantial question, we will grant the Warden's motion for summary action.

I.

In September 2008 (at E.D. Pa. Crim. No. 08-0609), a federal grand jury sitting in the Eastern District of Pennsylvania returned a two-count indictment against Allen, charging him with possession of crack cocaine (21 U.S.C. § 841(a)(1)), and possession of a firearm during a drug trafficking crime (18 U.S.C. § 924(c)). At the time of his federal indictment, Allen was in state custody at Curran-Fromhold Correctional Facility (CFCF) in Philadelphia, by virtue of two pending cases in Philadelphia County.[1] On November 14, 2008, the United States Marshals Service arrested Allen at CFCF on the federal charges,[2] and Allen remained in federal custody—pursuant to a writ of habeas corpus ad prosequendum[3]—until September 23, 2009, when the District Court sentenced

---

[1] In April 2006, state authorities arrested Allen at CP-51-CR-1301123-2006 for drug and firearm offenses—the same conduct providing the basis for his federal indictment. He posted bail four days later and was released. In March 2008, the state court granted the Commonwealth's motion to revoke Allen's bail, after he was arrested in early 2008 for attempted murder and other charges at CP-51-CR-0003815-2008.

[2] Shortly after his federal arrest, the Commonwealth nolle prossed the 2006 drug and firearm charges.

[3] "When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978).

him to 97 months' imprisonment.[4]  A week later, the Marshals Service returned Allen to state custody, and, on September 10, 2010, the state court sentenced him to five-to-ten years' imprisonment at CP-51-CR-0003815-2008, which the court ordered to "run concurrently with any sentence [Allen] is concurrently serving federally or through the state."

Allen was paroled from state custody—and released to federal custody—on November 13, 2013, and the BOP used that date as the starting date for his federal sentence.  In early October 2014, Allen filed a motion (at E.D. Pa. Crim. No. 08-0609), requesting a nunc pro tunc designation under Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990).[5]  The sentencing court "declin[ed] to make a recommendation to the [BOP]," and, about a month later, the BOP declined to award Allen a designation after considering the factors prescribed by 18 U.S.C. § 3621(b).  In August 2015, Allen filed another motion requesting a nunc pro tunc designation, or an order from the sentencing court that his federal sentence run concurrent to his already-served state sentence.  The court denied this motion in October 2015.

Allen filed this § 2241 petition a few months later, claiming that his federal sentencing court erred because it "did not specifically reference any of the [18 U.S.C. §] 3553(a) factors with regard to the issue of concurrence."  The District Court denied his

---

[4] The District Court later reduced this sentence to 84 months under Amendment 782 to the Sentencing Guidelines.

[5] In Barden, we held that 18 U.S.C. § 3621(b) grants the BOP discretionary authority to designate a state institution for service of an inmate's federal sentence nunc pro tunc.  Id. at 483.

petition—largely treating it as a claim of BOP error—concluding that the "BOP cannot give [Allen] any additional credit under [18 U.S.C.] § 3585(b) for the time he spent in official detention during the relevant time period because all of that other time was credited against a state sentence." Allen timely appealed and the Warden filed a motion for summary action.

II.

We have jurisdiction under 28 U.S.C. § 1291 and review de novo the District Court's denial of Allen's habeas petition. Ballentine v. United States, 486 F.3d 806, 808 (3d Cir. 2007). We may summarily affirm the District Court when "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

Allen presented only one argument in his petition—that the sentencing court erred by not "specifically referenc[ing] any of the [18 U.S.C. §] 3553(a) factors with regard to the issue of concurrence." This argument is without merit. Under 18 U.S.C. § 3584(b), a federal court making a concurrent-vs.-consecutive sentencing decision ordinarily must consider "the factors set forth in section 3553(a)." It need not do so, however, when it sentences a defendant—like Allen—awaiting a yet-to-be-imposed state sentence. Setser v. United States, 566 U.S. 231, 234-35 (2012). This is so because a federal sentencing court is obliged to make a concurrent-vs.-consecutive decision in the first instance only when "multiple terms of imprisonment are imposed . . . at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term

4

of imprisonment[.]"  18 U.S.C. § 3584(a).  Neither of these conditions applied to Allen, and thus he cannot credibly claim that the District Court erred by failing to consider the § 3553(a) factors.[6]

In his reply to the Government's response, Allen also challenged the BOP's refusal to award him a nunc pro tunc designation,[7] arguing as follows:

> [T]here is no indication in the record that the []BOP adequately considered, as required by statute, the section 3553(a) factors in the consecutive/concurrent aspect of its determination.  To satisfy its statutory obligation under section 3553(a), it needed to explain how the 3553(a) factors were specifically applied or rejected in its consideration of the request for a concurrent sentence.  In other words, the []BOP should perform the very same analysis when choosing a concurrent or consecutive sentence that a court also performs when it decides the appropriate length [of] a sentence.

Allen is mistaken; the BOP need only consider the five § 3621(b) factors[8] in deciding whether to award a nunc pro tunc designation.  Barden, 921 F.2d at 482.  The record reflects that the BOP considered all five factors, and denied Allen's request based on the following factors: (2) "the nature and circumstances of the offense"—the BOP accurately noted that the "Federal and State charges are not related"; (3) Allen's "history

---

[6] To the extent that Allen argued the sentencing court was obliged to consider the § 3553(a) factors when deciding his motions for nunc pro tunc designation, this argument is also without merit.  Section 3584(b) requires a federal court to consider these factors only when *imposing* sentence.

[7] We review the BOP's denial of a nunc pro tunc designation for abuse of discretion. Barden, 921 F.2d at 483.

[8] They are: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence . . . (5) any pertinent policy statement issued by the Sentencing Commission[.]"  18 U.S.C. § 3621(b).

and characteristics"—beyond the state and federal convictions at issue here, he had a prior assault conviction and at least two prior drug convictions; and (4) "any statement by the court that imposed the sentence"—the BOP sent a letter to Allen's sentencing judge inquiring about his position on the issue of concurrency; however, the judge did not respond to the BOP's inquiry. The second and third factors clearly weigh against Allen, and the BOP did not act unreasonably by treating the sentencing judge's silence as counseling against concurrency. Cf. 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").

Thus the BOP did not abuse its discretion under § 3621(b) by denying Allen's nunc pro tunc request. And because the only other argument Allen presented below— that the sentencing court failed to specifically reference the § 3553(a) factors in making its concurrency decision— is meritless, we will grant the Warden's motion for summary action, and summarily affirm the judgment of the District Court.[9]

---

[9] Allen did not challenge, in this federal habeas petition, the BOP's determination of when he entered federal custody, and we will not address it here. See United States v. Dupree, 617 F.3d 724, 727 (3d Cir. 2010) ("[A]rguments not raised in the district courts are waived on appeal.").

6