ALD-054                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2472
_____

DEXTER PICKETT,
                              Appellant

v.

WARDEN MCKEAN FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1:16-cv-00023)
Magistrate Judge:  Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2017
Before:  MCKEE, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 2, 2018)
_____

OPINION[*]
_____

PER CURIAM

        Dexter Pickett, a federal inmate, appeals pro se from the order of United States

District Court for the Western District of Pennsylvania denying his petition for writ of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

habeas corpus filed pursuant to 28 U.S.C. § 2241. Pickett challenged the Bureau of Prison's ("BOP") calculation of his sentence. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

On March 15, 2011, Pickett was arrested and charged in the New York Supreme Court in Westchester County with criminal possession of a weapon in the second degree. About four months later, Pickett was indicted in the United States District Court for the Southern District of New York. On January 4, 2013, Pickett pleaded guilty to conspiracy to distribute and possession with intent to distribute a controlled substance and possession of a firearm in connection with a drug trafficking offense, 18 U.S.C. §§ 846, 924(c)(1), in the Southern District of New York. That same day, Pickett was sentenced to an aggregate sentence of 120 months of incarceration followed by four years of supervised release. On January 17, 2013, Pickett was sentenced in state court to three and a half years of incarceration. The state court directed that Pickett's sentence run concurrently with his federal sentence. From March 15, 2011, to March 6, 2014, Pickett was incarcerated in New York state facilities and subject to New York's primary jurisdiction, but was transferred to federal custody pursuant to several writs of habeas corpus ad prosequendum for his federal criminal proceedings.

On March 6, 2014, Pickett was paroled on his state sentence and was released to the BOP pursuant to a detainer. Pickett requested that he receive credit for the time he was incarcerated in the state institution. The BOP denied Pickett's request. After

exhausting his administrative remedies, Pickett filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Western District of Pennsylvania, where he was incarcerated. The parties consented to proceeding before a Magistrate Judge and the matter was fully briefed. The Magistrate Judge denied Pickett's petition. Pickett timely appeals.

The District Court had jurisdiction over Pickett's habeas petition pursuant to 28 U.S.C. § 2241. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005). We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of his habeas petition de novo. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

The Attorney General, who acts through the BOP, has the authority to calculate a federal sentence and provide credit for time served. United States v. Wilson, 503 U.S. 329, 334-35 (1992). In calculating a sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward that sentence. See 18 U.S.C. § 3585. The Magistrate Judge correctly upheld the BOP's determination that Pickett's federal sentence was to run consecutively to his state sentence. Because the sentencing court did not order the federal sentence to run concurrently with Pickett's yet to be imposed state sentence, the BOP was required to treat his federal sentence as running consecutively to his state sentence. See 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); see also Elwell v. Fisher,

3

716 F.3d 477, 484 (8th Cir. 2013) (noting that § 3584(a) requires state and federal sentences imposed at different times to run consecutively, unless the court orders the terms to run concurrently).

The BOP was also correct in not awarding credit for time served by Pickett while on loan to federal authorities pursuant to a writ of habeas corpus ad prosequendum. The production of a defendant pursuant to a writ of habeas corpus ad prosequendum does not affect the jurisdiction of the sovereign with primary custody over a defendant. Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000) ("a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner."); see also Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly."). New York had primary custody over Pickett and he has failed to show that New York relinquished custody of him during the time when he was on loan to federal authorities.

We also agree with the BOP's denial of credit toward Pickett's federal sentence for the time he served in state custody before he was paroled to federal custody. Section 3585(b) prohibits the BOP from crediting a federal sentence with time that has already been credited toward another sentence. See Wilson, 503 U.S. at 337 ("Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention

4

time."). Because Pickett received credit toward his state sentence for his time spent in custody from March 15, 2011, to March 6, 2014, he was not entitled to credit from the BOP for that time.

Finally, the BOP did not abuse its discretion in denying Pickett's request for nunc pro tunc designation. The BOP has the authority to retroactively designate the place of confinement for a prisoner's federal sentence. 18 U.S.C. § 3621(b). The BOP may designate a state prison as the place of confinement and it has wide authority in making such a designation. Setser v. United States, 566 U.S. 231, 235 (2012); Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990). As discussed by the Magistrate Judge, the BOP reviewed Pickett's request under the factors stated in § 3621(b). Specifically, the BOP contacted the federal court for input and considered the sentencing judge's deferral to the discretion of the BOP. The BOP also considered Pickett's criminal history, which included convictions for attempted endangering the welfare of a child and possession of stolen property in addition to disciplinary infractions. The BOP did not abuse its discretion in concluding that Pickett's criminal history, coupled with the sentencing judge's silence, counseled against granting concurrency. The BOP also considered the state court's intention to have Pickett's sentences run concurrently and the fact that Pickett's state and federal charges were related. However, as "neither the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently[,]" Barden, 921 F.2d at 478 n.4, we cannot conclude that the BOP abused its discretion in declining to implement the state court's design. The

BOP appropriately considered the relevant factors and its decision was not an abuse of discretion.

For these reasons, we will affirm the judgment of the District Court.